UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Michael O'Brian Watkins,<br><br>        Petitioner,<br><br>v.<br><br>Louis Winn, Warden,<br><br>        Respondent, | CV 12-882 TUC DCB(BPV)<br><br>**O R D E R** |

This matter was referred to Magistrate Judge Bernardo P. Velasco, on February 11, 2013, pursuant to Rules of Practice for the United States District Court, District of Arizona (Local Rules), Rule (Civil) 72.1 and 72.2. On November 5, 2013, he issued a Report and Recommendation (R&R), (Doc. 18: R&R), that this Court enter an order dismissing the Petition for failure to exhaust administrative remedies.

### STANDARD OF REVIEW

The duties of the district court, when reviewing a R&R by a Magistrate Judge, are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b), 28 U.S.C. § 636(b)(1). When the parties object to a Report and Recommendation (R&R), "'[a] judge of the [district] court shall make a *de novo* determination of those portions of the [R&R] to which objection is made.'" *Thomas v. Arn,* 474 U.S. 140, 149-50 (1985) (quoting 28 U.S.C. § 636(b)(1)). When no objections are filed, the district court does not need to review the R&R *de novo*. *Wang v. Masaitis,* 416 F.3d 992, 1000 n. 13 (9th Cir.2005); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121-22 (9th Cir.2003) (*en banc*).

The parties were sent copies of the R&R and instructed they had 14 days to file written objections. 28 U.S.C. § 636(b), *see also,* Federal Rule of Criminal Procedure 72 (party objecting to the recommended disposition has fourteen (14) days to file specific, written objections). There has been no Objection filed to the R&R.

## REPORT AND RECOMMENDATION

The Honorable Bernardo P. Velasco, United States Magistrate Judge, rejected the Petitioner's assertion that his due process rights were violated because he was wrongfully convicted of a disciplinary violation and lost good time credits. Petitioner is challenging the legality of the manner in which his sentence is being executed, pursuant to 28 U.S.C. § 2241.

The record reflects that after a hearing, the Disciplinary Hearing Officer (DHO) found staff member's statements and observations credible and believable in respect to charges against Petitioner that he attempted to assault an officer. She issued a written report on October 4, 2012, imposing sanctions including the disallowance of 27 days of good conduct sentence credit. Subsequent to the decision from the DHO, Watkins should have filed, but did not file, an administrative appeal.[1] While not a jurisdictional prerequisite, federal courts require exhaustion as a prudential matter. (R&R at 5-8.) Petitioner does not assert any excuse to justify waiving the exhaustion requirement. *Id.* Additionally, the Petitioner's due process arguments fail on the merits. *Id.* at 8-12.)

There are no objections and review has, therefore, been waived. Nevertheless, the Court reviews at a minimum, *de novo*, the Magistrate Judge's conclusions of law. *Robbins v. Carey*, 481 F.3d 1143, 1147 (9th Cir. 2007) (citing *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998) (conclusions of law by a magistrate judge reviewed *de novo*); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991) (failure to object standing alone will not ordinarily waive question of law,

---

[1] Instead, on October 17, 2012, he filed a "sensitive" Request for Administrative Remedy complaining that he received the incident report in retaliation for expressing his intent to file a grievance. The Regional Director rejected the request for administrative review because it was not sensitive, i.e., it was not something that would place him in danger if it became known at the institution. Petitioner was directed to file his request for review, pursuant to grievance procedures.

- 2 -

but is a factor in considering the propriety of finding waiver)).  The Court finds the R&R to be thorough and well-reasoned, without any clear error in law or fact.  *See United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (*United States v. Remsing*, 874 F.2d 614, 617-618 (9th Cir. 1989) (citing 28 U.S.C. § 636(b)(1)(A) as providing for district court to reconsider matters delegated to magistrate judge when there is clear error or recommendation is contrary to law).  The Court accepts and adopts the R&R as the opinion of the Court, pursuant to 28 U.S.C. §  636(b)(1). For the reasons stated in the R&R, the Court dismisses the Petition.

**Accordingly,**

**IT IS ORDERED** that the Report and Recommendation (Doc. # 18) is adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the Petition (Doc. 1) is DISMISSED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter Judgment accordingly.

**IT IS FURTHER ORDERED** that in the event the Plaintiff, proceeding here *in forma pauperis* under 28 U.S.C. § 2241, files an appeal, the Court finds the appeal is not taken in good faith.  28 U.S.C. 1915(a)(3) and FRAP 24(a).

DATED this 23rd day of December, 2013.

David C. Bury
United States District Judge